UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **OOKA SUSHI HIBACHI RESTAURANT, INC.,** | ] ] ] |
| Plaintiff, | ] ] |
| v. | Case No. 2:25-cv-1503-ACA ] ] |
| **HARTFORD UNDERWRITERS INSURANCE COMPANY, et al.,** | ] ] ] |
| Defendants. | ] |

# MEMORANDUM OPINION

In January 2023, a fire damaged Plaintiff Ooka Sushi Hibachi Restaurant, Inc.'s restaurant. (Doc. 1-1 at 523 ¶ 4). After Defendant Hartford Underwriters Insurance Company refused to pay benefits for the property damage, Ooka Sushi sued for breach of contract. (*See id.*). Hartford maintains that the insurance policy does not cover the physical damage costs that Ooka Sushi seeks. (Doc. 3 at 9–13). Rather, the policy covers harm arising from third-party claims for damages against Ooka Sushi. (*Id.*)

Because Ooka Sushi's sparse factual allegations do not state a claim for relief that is facially plausible under the terms of the insurance policy, the court **WILL GRANT** Hartford's motion to dismiss and **WILL DISMISS** this action **WITH PREJUDICE**.

## I.   BACKGROUND

At this stage, the court must accept as true the factual allegations in the second amended complaint and draw all reasonable inferences in favor of Ooka Sushi. *Barat v. Navy Fed. Credit Union*, 127 F.4th 833, 835 (11th Cir. 2025). The court will not consider the allegations made in previous versions of the complaint.

Ooka Sushi's second amended complaint contains minimal factual allegations. Ooka Sushi alleges that it held a liability insurance policy with Hartford. (Doc. 1-1 at 523 ¶ 3). After a fire at Ooka Sushi's place of business caused damage to the building it leased from a third party, it filed a claim for benefits under that policy. (*Id.* at 523 ¶ 4). Hartford sent adjustors to inspect the loss, but determined that it would provide coverage to Ooka Sushi only if it was sued by its landlord for the damage. (*Id.*). Ooka Sushi asserts that Hartford is "liable for damage repair costs that should have been covered by its insurance policy/contract with Defendant Hartford; Plaintiff paid premiums for a policy [that] did not perform as represent[ed]; Plaintiff has incurred other related expenses and the like, and Plaintiff has been otherwise injured and damaged." (*Id.* at 523 ¶ 5).

Although Ooka Sushi did not attach the insurance policy to its complaint, Hartford included it in the notice of removal. (*See* doc. 1-2). The court may consider extrinsic evidence referenced in the complaint at the motion to dismiss stage only if (1) the document is central to the claim and (2) its authenticity is not challenged.

*Jackson v. City of Atlanta*, 97 F.4th 1343, 1350 (11th Cir. 2024).[1] The insurance policy is central to the breach of contract claim and neither party disputes its authenticity (*see* doc.1-1 at 523 ¶¶ 3–5; *see* doc. 18), so the court will consider it.

Ooka Sushi's policy with Hartford was a "Business Liability Coverage" policy. (Doc. 1-2 at 20). Under the policy, Hartford was obligated to "pay those sums that the insured becomes legally obligated to pay as damages because of . . . property damage . . . to which this insurance applies." (*Id.*) (quotation marks omitted). The policy excludes coverage for "Damage To Property" which is defined as "[p]roperty you own, rent, or occupy, including any costs or expenses incurred by you . . . for repair, replacement, enhancement, restoration, or maintenance of such property for any reason." (*Id.* at 26).

## II.   DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, only well pleaded factual allegations are entitled to the

---

[1] Ooka Sushi attaches documents to its response to the motion to dismiss purporting to be emails from its landlord demanding lost rent payment. (Doc. 18 at 5–7). The court will not consider these documents because they are not referenced in the complaint and are not central to the claim.

presumption of truth. *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). Conclusory allegations and barebone legal assertions do not state a claim for relief that is plausible on its face. *Id.*

In its operative complaint, Ooka Sushi asserts that it is entitled to recover three categories of harm: costs for damage repair, premiums paid under the policy, and "other related expenses." (Doc. 1-1 at 523 ¶ 5). Hartford moves to dismiss the second amended complaint because these damages are not covered by the policy or are not supported by factual allegations that would allow recovery. (Doc. 3 at 9–13; doc. 20). The court agrees with Hartford.

In Alabama, insurance policies are governed by general contract rules. *Baldwin Mut. Ins. Co. v. Adair*, 181 So. 3d 1033, 1042 (Ala. 2014). If an insurance policy is unambiguous, "courts must enforce [it] as written and cannot defeat express provisions in a policy by making a new contract for the parties." *Id.* (quotation marks and alteration omitted).

The contract here allows Ooka Sushi to recover for damages it owes to a third party because of damage to the property it rents. (Doc. 1-2 at 13, 20). It excludes direct recovery for damage to the property Ooka Sushi rents. (*Id.* at 26). Ooka Sushi's complaint seeks to recover "damage repair costs that that should have been covered by its insurance policy." (Doc. 1-1 at 523 ¶ 5). But the policy's plain language mandates that Ooka Sushi can only recover for the costs it owes to a third

4

party, not direct costs for property damage repairs. Ooka Sushi has not pled that a third party has attempted to recover costs of the property damage. (*See* doc. 1-1 at 522–24). So based on the sparse factual allegations, Ooka Sushi has not stated a claim to relief that is plausible on its face.

As for the premiums it paid to Hartford under the policy and "other related expenses," Ooka Sushi provides no factual basis for why it would be able to recover for these types of damages. So these conclusory allegations cannot support a claim for relief that is plausible on its face. *Randall*, 610 F.3d at 709–10.

In its response to Hartford's motion to dismiss, Ooka Sushi does not argue that it is entitled to recover for property damage. (Doc. 18 at 2–3). Instead, it maintains that Hartford is liable for failing to pay Ooka Sushi's landlord over fourteen thousand dollars in lost rent resulting from the fire. (*Id.*).

The problem for Ooka Sushi is that the second amended complaint contains no allegations that it seeks recovery for damages owed to a third party. It is also devoid of facts stating that Ooka Sushi's landlord has sought lost rent payments resulting from the fire or any request for damages relating to lost rent payment. *See Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 705 (11th Cir. 2016) (a party "cannot . . . use [its] briefing to add new allegations and argue that those new assertions support [its] cause of action"). Failure to mention the theory of recovery or any facts related to it prohibits Ooka Sushi from attempting to recover on an

5

alternate claim not before the court. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282–83 (11th Cir. 2007) (holding that although a "pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.") (quotation marks omitted).

Accordingly, Ooka Sushi has failed to state a claim for relief that is plausible on its face. The second amended complaint only seeks damages for property damage that is not recoverable under the plain terms of the contract. Although Ooka Sushi attempts to convert its complaint for property damage into a complaint for third party damages through its briefing, it cannot do so, and that cause of action is not before the court.

### III.   CONCLUSION

The court **WILL GRANT** Hartford's motion to dismiss and **WILL DISMISS** the second amended complaint **WITH PREJUDICE**. (Doc. 3). The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this March 9, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE